**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-31191

_____


FRED O. OGUNYEMI,

Plaintiff-Appellant,

VERSUS

HAZEL BEARD, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(95-CV-767)

_____

March 11, 1998

Before JONES and SMITH, Circuit Judges, and FITZWATER,[*] District Judge.

PER CURIAM:[**]


Fred Ogunyemi sued under 42 U.S.C. § 1983, alleging that the mayor and other city officials of Shreveport, Louisiana, wrongfully terminated his employment with the city in retaliation for his exercise of First Amendment rights.  Ogunyemi was twice fired from

---

[*] District Judge of the Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his position as senior auditor with the City, both times, he claims, because he had exposed or threatened to expose alleged wrongdoing by the defendant officials. The defendants claim that Ogunyemi was dismissed because he was demonstrably incompetent to perform his duties, and because he directly refused to perform certain assignments. At the close of trial, the jury deadlocked, and the magistrate judge granted the defendants' motion for judgement as a matter of law ("j.m.l."). We affirm.

I.

Ogunyemi first urges that the defendants failed to state their motions for j.m.l. with adequate specificity. Indeed, FED. R. CIV. P. 50(a) mandates that a motion for j.m.l. "shall specify the judgment sought and the law and facts on which the moving party is entitled to judgment." Ogunyemi did not object to any alleged lack of specificity in the district court, however, so even if erroneous, the court's failure to demand specificity would not rise to the level of plain error, the standard of review for errors raised for the first time on appeal. *See, e.g., In re Hudson*, 107 F.3d 355, 357 (5th Cir. 1997).

Even if Ogunyemi had preserved this alleged error for appellate review, his argument would fail, for we consistently have excused technical noncompliance with rule 50 where the purpose of the requirement has been satisfied. *See, e.g., Greenwood v.*

2

*Societe Francaise de Transportes Maritime*, 111 F.3d 1239, 1242 (5th Cir. 1997). The dual purposes of rule 50's specificity requirement are to prevent the non-moving party from being "sandbagged" without having a chance to address the insufficiencies in his case and to allow the court to re-examine the sufficiency of the evidence as a matter of law. *See Guilbreau v. W.W. Henry Co.*, 85 F.3d 1149-50 (5th Cir. 1996). Those purposes obviously have been met here. Ogunyemi's lawyer demonstrated that he knew the basis of the motions when he responded to defendant Cary's initial motion. Further, nothing there could have "sandbagged" Ogunyemi. The motions assertedSSand the court concludedSSthat Ogunyemi was not fired in retaliation for his critical speech, but rather that he was insubordinate and incompetent. That was the central issue of the case, and the plaintiff's lawyer could not have been "sandbagged" thereby.

## II.

To prevail on his First Amendment retaliation claim, Ogunyemi must show that (1) his speech involved a matter of public concern, (2) his interest in the speech outweighs the City's efficiency interest in being able to fire whomever it cares, and (3) "[his] speech motivated the defendants' decision to fire [him]." *Thompson v. City of Starkville, Miss.*, 901 F.2d 456, 460 (5th Cir. 1990). Here, we will look directly to the third prong: whether the

3

defendants "would have reached the same decision as to [the termination] even in the absence of the protected conduct." *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

In reviewing a j.m.l., we view all the evidence in the light most favorable to the nonmovant and determine whether, as a matter of law, reasonable jurors could not arrive at a contrary verdict. *See Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), *overruled on other grounds by Gatreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997). After a thorough review of the briefs and the record, we agree with the trial court. Ogunyemi was a poor employee, incapable of performing on his own, and unwilling to accept supervision. He was properly dismissed for incompetence and insubordination, and no reasonable juror could have found otherwise.

AFFIRMED.